Boynton, J.
The errors assigned for which a reversal of the judgment is sought, are the refusal of the court to* *290 give to the jury the instructions requested, and the order overruling the motion for a new trial. That a corporation is liable to an employe for negligence, or want of proper care in respect to such acts and duties as it is required to perform as master or principal, without regard to the rank of the agent intrusted with their performance, may, as matter of law, be very clear. But the proposition has no application to the case. It is true that the negligence charged as the cause of the injury, consisted in the selection, use, and employment of unsafe, insecure, and dangerous implements and machinery for the purpose of loading stone upon cars for transportation. But upon the trial, no question was made, or doubt raised, of the fact that the company had supplied suitable and proper machinery and implements for loading stone, both hard and soft; but its liability was asserted on the ground of its negligent and careless use or employment of machinery and apparatus for hoisting stone, safe and suitable for the especial purpose or use for which such machinery was designed, but unsafe and dangerous for the use to which it was applied. The request obviously had reference to the duty of a master to furnish, .so far as the exercise of due care will accomplish it, suitable and safe instrumentalities for carrying forward his work, .and these having, admittedly, been furnished, and the request having no other bearing, it 'was properly refused.
The second request was evidently founded on a misconception of the negligent act which gave rise to the company’s liability. It was founded on the hypothesis that the want of care charged, and resulting in the injury to the •defendant in error, consisted in the negligent or careless, attachment of the hooks to the stone to be raised; hence it was contended that when Stone, the foreman, assisted in attaching or fastening the hooks to the stone, he was performing, not the duty of foreman, but the work of a common laborer, for the negligent performance of which the company was not liable. This was clearly a misapprehension of the ground upon which the liability of the *291 company was asserted. The petition, as above stated, alleged negligence in the selection, use, and employment of unsafe, insecure, and dangerous implements and machinery. This was the full scope of the averment. No act of negligence was charged, and no liability claimed to exist, except such as originated in, and grew out of the selection, use, and employment of such implements and machinery for loading stone. The mode or manner of attaching or fastening the hooks to the stone was not the subject of complaint, nor set up as a ground for the recovery of the damages claimed.
But if this construction is too limited, if the liberality with which pleadings under the code are to be construed, would require us to hold that the language of the petition charging negligence in the “ use of unsafe and dangerous implements,” is sufficiently broad and comprehensive to include the act and mode of attaching the hooks to the stone, and is not to be confined and restricted to the sense that the hooks, being unsuitable for such service, were misapplied to an improper use, we still think the court did not err, as the proposition embraced in the request is not correct as a rule of law. Where the master, or one placed by him in charge of men engaged in his service, personally assists or interferes in the labor being performed under his direction and control, and is, while performing such labor, or interfering with its performance, guilty of negligence resulting in an injury to one engaged in such service, there is no sound principle of law that will excuse or exonerate the master from liability. Ormand v. Holland, 96 Eng. Com. Law, 102; Shear. & Red. on Neg., § 89, et seq.; Wharton on Neg., § 205.
The ground of the liability of the master for the negligent conduct of his servant, in all cases where the liability arises, is, that the servant’s act is the act of the master. The implied obligation of the servant to assume all risks incident to the employment, including that of injury occasioned by the negligence of a fellow-servant, has no ap *292 plication where the servant by whose negligent conduct or act the injury is inflicted, sustains the relation of superior in authority to the one receiving the injury. The claim that Stone was a fellow-servant engaged in the same service with Kraft, is not supported by the proof. It is true’ that he was in the service of the same master, and engaged in the same general employment, but he was intrusted with duties and responsibilities of entirely a different nature, and wholly independent of those of Kraft. Occupying to the latter, the .relation, substantially, of principal, he was in no just or proper sense a fellow-servant, nor engaged in what may properly be denominated a common service. The relation- existing between them was such as brings the-case clearly within the rule established by repeated adjudications of this court, and now firmly settled in the jurisprudence of the state, that where one servant is placed by his employer in a position of subordination to, and subject to the orders and control of another, and such inferior1 servant, without fault, and while in the discharge of his-duties, is injured by the negligence of the superior servant, the master is liable for such injury. Little Miami R. R. Co. v. Stevens, 20 Ohio, 415; C., C. & C. R. R. Co. v. Keary, 3 Ohio St. 201; Mad River and Lake Erie R. R. Co. v. Barber, 5 Ohio St. 541; Whalon v. Mad River and Lake Erie R. R. Co., 8 Ohio St. 249; The Pittsburgh, Fort Wayne and Chicago-Railway Co. v. Devinney, 17 Ohio St. 197.
The fact, if it be .true, that Stone’s negligence in assisting in fastening the hooks to the stone to be raised, may have caused the injury, and that he was then performing the-duty of a common workman, and not those strictly pertaining to the duties of foreman, in nowise relieves the company from liability. If the act done by him, had been done under his direction as he did it, by one of the employes of the company, its liability could not be doubted, and for the reason, that the negligent act, although committed by the hand of another,-was, in law, the act of the foreman, and consequently the act of the master. And it. *293 ■could, be no less the act of the master when performed by the'foreman in person.
In support of the claim that a new trial ought to have been granted on the ground that the evidence was insufficient to sustain it, it is contended: 1. That the evidence fails to show that the injury was occasioned by negligence; 2. That there is a fatal variance between the allegations .and proof: and, 3. Contributory negligence by the plaintiff. We have carefully examined the evidence, and think, neither ot these objections can be sustained. We have the most doubt on the subject of contributory negligence. But, on the whole, our minds are not so clearly satisfied that the finding of the jury was wrong as to lead us to disturb the judgment. On the subject of tbe company’s negligence, there is no doubt that the verdict was right. Where safe and -unsafe instrumentalities are at hand, with which to perform a particular work, the adoption of the latter to the exclusion of the former, is clearly negligence. This is what the company did in the present case, and in ■go doing occasioned the injury to the plaintiff below.

Motion overruled.